We will hear argument next in case number 251118, Henrickson against the United States. Mr. Perry. Good morning, Your Honors. Jason Perry for Major Henrickson and may it please the Court. The question of this case is whether an Air Force generalist pilot needs to be qualified and able to pilot an aircraft. The Air Force duty requirements for a generalist pilot are found in the Air Force officer classification directory and that's at appendix 1005. And that language requires that for the award and retention of the AFSC, the duty code, current aeronautical rating and no permanent disqualification for aviation service as a pilot. That language clearly requires that the officer become rated as a pilot, maintain that rating, aeronautical rating and not be disqualified permanently. The Air Force Board for Correction Military Records determined that Major Henrickson was unable to pilot because of his sinusitis. What they did not do is apply this regulation to the fitness criteria, which determines whether or not a member has a compensable disability and is able to continue in service due to that disability. In your brief, with regard to your argument under 3.5, which I think is your only real, you have two data points of 3.5 argument and then it's the order when he was transferred, correct? Correct, Your Honor. Those are the two data points. Yes, Your Honor. The second data point, the argument is that that applied to an earlier period of time. But with regard to the first data when you say in your brief it's unclear why the trial judge didn't accept that argument, I thought both the corrections board and the trial judge addressed that argument that said 3.5 doesn't apply because the colonel wasn't receiving flight pay. I would disagree, Your Honor. That was the rationale. I would disagree with the point. They did make the point that the record did not show. We can point to the specific language in the decision in appendix 9. This is your AFI 48-123, 3.15 argument. Inactive flyers that don't receive the aviation pay aren't required to maintain the standard. When you said in your brief it was unclear why the trial judge, now that's the reason why the trial judge rejected your 3.15 argument. A9, third paragraph from the end, last couple of sentences. And the same rationale is present in the corrections board decision. I don't see the incentive pay argument at this part, Your Honor. Excuse me? The incentive. Unless I'm wrong, the argument you're making, which is that you're entitled to the current aeronautical ratings under 3.5, that said that doesn't apply because flyers that don't receive aviation pay are not required to maintain those standards. It's a circular argument, Your Honor. In that formulation, every pilot who loses or is disabled would then no longer qualify to be disabled. You see, if you can't hold the aviation incentive pay because you're disabled, then that would, in that formulation, mean that no one would be disabled. I'll certainly follow that. I'd like to address. But I mean, that's what I'm saying is when you said it was unclear, it seemed to me it was very clear and the same rationale was presented. It was articulated in the board decision. So the incentive pay issue is initially evidence for him, his duties requiring flight duties. But his AFSC, his job that the Air Force determined that he was a generalist pilot requires him to fly. That's in the plain language of 3.5. So the administrative determination of qualification for aviation incentive career pay, which could be for several reasons disrupted. You could have a temporary loss of the assignment qualifying for it. You could have any number of reasons why you might temporarily lose that. But that's not dispositive of the duties of the job, which are the pilot. I have a question, though. I mean, just to clarify factually what's going on. There is no evidence that during the time that Major Henriksen was a generalist pilot that he was receiving incentive pay. Is that true? So I believe there's an LES, a leave and an earning statement in the record that carries from a period of his reserve service where he was getting an incentive pay. It wasn't an issue that the board, the AFPCR had before it. And in fact, on the initial remand in Henriksen 1, the only reason the officer classification directory came in is because after the advisory opinion and they hadn't addressed it, being my first opportunity to address the lack of discussion of his actual duties, I submitted with my response to the advisory opinion, the excerpt from the real substantive record before the agency at that point, prior to that point, about what the actual requirements were. And as the judge below determined, the response from the AFPCR wasn't very direct as to discussing the actual duties required of a generalist pilot. Instead, they made the determination that his duties required were administrative in nature, not addressing— Can I ask you, just going back to the same question I had, is the document you're referring to, the one at Appendix 1087? Yes, Your Honor. That has a date that was before transferring into the reserve. Yes, Your Honor. So Major Henriksen left active duty. He was in a coded F-16 role, moved initially for a brief period of time to the National Guard, and then switched to the Air Force Reserve. However, it took an exceedingly long period of time for the Air Force to actually refer him into the disability evaluation system, and then finally process a number of years. 2014, he stopped flying. 2016, they got around to saying, you can't fly due to your back, and to your radiculopathy, and to your sinusitis at the MEB level. And now we're going to refer you to the disability evaluation system. So that dated LES is part of the packet when the Air Force put him through the process. That was their own documentation derived as part of that record for the Medical Evaluation Board. Carrying forward, it took them another couple years after his formal board to finally go Secretary of the Air Force Personnel Council appeals, and then finally cut him the order placing him originally in the selective reserve until we appealed below and got partial relief up to a retirement finding. 2014, stopped flying. 2022, time frame when he finally got receipt of pay. I'd like to address also the language regarding in the note from the generalist pilot criteria. These AFCs are normally only authorized to identify non-flying positions where designation of a specific pilot AFC is not feasible. So I think the distinction here, Your Honors, is that there are positions that don't require actual flight duties, but do require the qualification and the ability to fly. And that's what that note, I think, signifies. It's overall the rule, the general rule, is that generalist pilots must maintain, hold, get awarded, maintain and hold, and have no permit disqualification for flight duties. And then there's that subset. In some cases, the rule won't require a coded flying position, but they still have to be able and qualified to fly. So the duties may not require flight, but they have to be qualified to fly. So you're basically arguing that there's a generalist pilot has a duty to remain fit to fly even if he's not going to fly? Yes, Your Honor, that's correct. And that maintains in the AFI 36-3212, which is the... But that's in the light of a requirement of maintaining the fitness, but that only applies if you're being paid. The flight pay is a separate administrative category. There's a separate statute about that qualifying that. It's not related to the 1201, 10 U.S. Code 1201 fitness standards. The fitness standards are... You have two decision makers below who seem to think it does. You have the board and the court of federal claims. That is my problem, Your Honor. I think the plain language of the qualification says it must be medically... But the other side has pointed to regulations that say that doesn't apply in this circumstance? I would say it doesn't apply to the reward of flight incentive pay, but that is an indicator evidence that came up as to his unfitness, but that's not the determinative point. You won't see decisions discussing unfitness because of lack of flight pay or receipt of flight pay or loss of flight pay. It's the actual flight status that matters, the performance of the duties. It's not just as a generalist pilot. It's all conditions, all occupational positions. Every AFSC will have their own requirements. And so if the black letter says this is a requirement, you must maintain it, and you cannot maintain it for physical problems. Therefore, the proper application is that you are unfit. And I see my time running into it, so I'd like to reserve my time. Morning, Your Honors. May it please the court. Before I get into the legal merits, I want to answer Judge Stoll's question and just provide a brief chronology to make sure we're on the sequence of events here. Major Henrickson served on active duty as an F-16 pilot until 2008. At that point, when he left active duty, he went to the Minnesota Air National Guard, and he was still certified as a pilot in that role. He was still flying F-16s to the extent it was required. He was in that role until July of 2012. In that period in which he was in the Minnesota Air National Guard, there's no dispute he was a pilot. He was receiving aviation pay. He then elected to transfer to the Air Force Reserves, which became effective in July of 2012. There are records from the board proceedings that show his own testimony before the Physical Evaluation Board stating he decided to move to Texas. He wanted to transfer to the Air Force Reserves. He specifically chose to take a non-flying position to avoid conflicts with his separate work because he was not full-time in the Air Force. At that point, he had other pilot designations beginning in July of 2012, and that was his position until discharge in 2016. There are some references made in the briefing about delays in the Air Force processing, and maybe that should blur the timelines here a little bit, but I want to be clear. Major Henrickson never requested disability retirement from the Air Force. What happened is that in processing his discharge from the Minnesota Air National Guard in 2012, he made an application for VA benefits. He received those benefits eventually, and then it was the Air Force themselves that made an administrative note that he had, in fact, received VA benefits because they have procedures to coordinate disability for service purposes and disability for VA purposes. So Air Force noted his receipt of VA benefits, and they initiated on their own the disability evaluation process to see if Major Henrickson was still fit for service in light of his VA conditions. That is what initiated this process for the informal physical evaluation board, then the physical evaluation board. That whole process began in mid-2013. That is when the Air Force first notified Major Henrickson that it had observed his VA benefit award, and the Air Force notified Major Henrickson that the Air Force would be review as to his fitness for service. He never requested that. So I just want to make sure all of those facts are clear because I think they do put some clarity on when these events have relevance. So the aviation pay is not relevant at all to Major Henrickson's disability determination. It was terminated before any of this process started. There was no delay on the Air Force's part. Major Henrickson never even requested disability retirement. It was the Air Force that initiated that process. The Majors case turns on his interpretation of 3.5. I agree with that, Your Honor. It's interesting to me that you didn't address that issue in your brief. So we did address what we believe is the dispositive point in 3.5, which is the duties are non-flying duties. I think the, I concede, Your Honor, there is a hole in the link here, and I want to be clear about why that is. I'm just pointing to your brief at page 10 where you say the only evidence the Major points to is the aeronautical order, which we haven't talked about, but that's a time difference. Right. So what is your argument? His argument is that 3.5 says notwithstanding the fact that I'm a generalist pilot, I'm required to maintain this rating that shows that I'm capable of flying. That's correct, Your Honor, and he's wrong on that. So the aeronautical ratings do not require fitness for flying. There is a provision that if you are on duties not including flying status, so DNIF status, which Major Henrickson unquestionably was, that's in the record, it's not disputed, there is a waiver in... A waiver as opposed to the lack of pay? Correct. So what the... And you're telling me that the Board and the, and the Court of Federal Claims were wrong to rely on the absence of aviation pay? No, what, the reason why the Board and the Court of Federal Claims ended up relying on the aviation pay is that's how Major Henrickson framed his argument, and he put... I'm confused. The first question I have is whether or not it's a little late for you to be making this argument. No, because the problem... Where is this argument you're now making in your brief? None of the parties presented the correct, the correct instruction, which is AFI 11-402. Major Henrickson belatedly added citations to AFI 11-402 in his reply brief before this Court. He had never cited that in his opening brief. He had never cited that before the Court of Federal Claims. He had never cited that before the Board. He put it in as a post-appendix citation. It is in the appendix. I think it's listed as 29-19 and 29-20 of the filed appendix, but he only put in two pages. There are other pages in there which make the cross-reference to AFI 48-123. That's where the language comes in about the aviation pay and about not needing to maintain Flying Class 2 standards. That's the language the trial court relied on. That's the language the Board relied on. It's AFI 11-402, which makes that expressly linked to the aeronautical rating. And it says the same thing. It's not a different finding. But I will agree, I think, with what Mr. Perry suggested, which is the aeronautical pay is kind of a downstream effect. You get aeronautical pay if you are in a position that requires you to fly. It's not what determines whether you're in a position that requires you to fly. But the position, whether it requires flight, is the classification standard. And his only argument as to why the generalist pilot requires flight is because it requires you to maintain an aeronautical rating. But the aeronautical ratings in the pages he didn't include say that if you are in not flying status, if you're in a position that does not require flight, the physical condition, the physical fitness evaluation process is waived entirely. It just doesn't happen. You are deemed, I think it even uses in the in a DNIF position, regardless of having to undergo any sort of ongoing physical evaluation process. And it makes total sense when you read 3.5 in the generalist pilot description, why would the Air Force create a generalist pilot? What you're saying may be correct. But for this elderly judge, I find it difficult to absorb all of this when it's being written here in oral argument. And I agree, Your Honor. I think if we had understood Major Henrickson was relying exclusively on the aeronautical rating language under 11-402, we would have put that in the appendix. What do you mean? If you would have understood his blue brief to make that argument? Yes, Your Honor. He never said in any paper at any stage of proceedings that it was... In his brief to us. Correct. In the opening brief, he did not cite 11-402. And he did not say... 11-402? Yes, Your Honor. Because that's what describes the requirements for the aeronautical ratings, right? He is making an assumption. And I want to be clear about this. Major Henrickson, his argument in the blue brief, makes the assumption that when the generalist pilot description says you have to maintain an aeronautical rating, that the only way to keep an aeronautical rating is to be qualified for flight. And that's not what aeronautical ratings themselves say. But he did not cite the aeronautical ratings themselves to be able to support that point. Which is 11-402? 11-402. I'm more than happy to submit a supplemental brief and include that as an attachment to make this clear because I recognize it is a gap in the record. And I apologize to the extent that I may have been able to find this sooner. Good idea. But I'm more than happy to do that, Your Honor. So I think that is the crucial point. And if there's any other questions, I'm happy to answer them. But otherwise, I will submit that brief and identify that issue, Your Honor. Great. Thank you. Thank you. The regulatory paradigm for unfitness, different from flight duties or any type of other duties, goes from DOD instruction 1332.18, which flows from Tenuous Code 1201 and the following provisions discussing unfitness and the retirement of members on active duty or reserve component. So the discussion about aeronautical ratings and all that only relates to your ability to perform required duties for your job. In the Medical Evaluation Board, they sent, and that's in Appendix 56, you'll see the reference to the conditions, including sinusitis, to the Medical Standards Directory. Medical Standards Directory are a listing of conditions that once you have, you fail retention standards and have to go to the board, the Physical Evaluation Board. So you have a gatekeeping function. Do you have a condition? And then at the MEB level, and then you move over to the Physical Evaluation Board where they determine whether that condition keeps you from doing your job. So one has nothing to do with your position, and the other has to do very much with your position and the requirements of your rank as well, so your job and your rank. So the MEB found that a sinusitis failed the retention standards. It's higher in that same document, the Medical Standards Directory, there's higher qualifications for flight duties. But he didn't fail, he not only failed the higher one, but the general standard that every airman, whether it's an Airman Basic, a Security Forces member, or any position Air Force-wide, he failed that standard, which made his sinusitis require board review. I say all of that so that the focus isn't just on some classification of, or whether it was briefed or not, the overarching picture is whether or not his duty is required, whether his sinusitis interfered with his duties. The Air Force Board of Professional Military Records said sinusitis keeps him from flying. That's the issue before the Court, is whether or not a pilot needs to fly. Subject to any other questions the Court may have? Thank you. Thanks to both counsel. Case is submitted, and that completes our business for the morning.